UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SYMPHONY DAWN,

    Plaintiff,

v.

NEXDINE HOSPITALITY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Nexdine Hospitality, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby files this Notice of Removal of the above-captioned matter from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. As grounds therefore, Defendant shows the Court as follows:

**1. State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled Symphony Dawn vs. Nexdine Hospitality. Plaintiff filed that action on December 31, 2023. *See* Complaint, attached hereto as Exhibit A. Defendant executed a Waiver of Service of the Complaint on January 4, 2024. *See* Waiver of Service attached hereto as Exhibit B.

**2. Nature of Action**

This matter arises out of Plaintiff's former employment with Nexdine Hospitality. (hereinafter "Nexdine"). Plaintiff has alleged three counts against Defendants, for negligent infliction of emotional distress, sexual harassment pursuant to Florida Statute Section 78.048,

and sexual harassment pursuant to Title VII of the Civil Rights Act. *See,* Complaint, attached hereto as Exhibit A. Defendant denies the allegations asserted in the Complaint.

**3.      Basis for Removal of State Court Action**

Under 28 U.S.C. § 1441(b), "any civil action of which the District Courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The United States District Court for the Southern District of Florida has jurisdiction by reason of 28 U.S.C. § 1331 in that the action arises under the Laws of the United States, as Plaintiff bases one of her claims for relief against the Defendant on a federal statute and act of Congress. Specifically, count III of Plaintiff's lawsuit is based on alleged sexual harassment in violation of Title VII of the Civil Rights Act. Thus, federal question jurisdiction exists. *See, Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (holding that "federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")

**4.      Venue**

The West Palm Beach Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the State Court case was brought and is pending and is, thus, the proper District Court to which this case should be removed. S*ee* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, West Palm Beach is the proper division within the Southern District of Florida to which the case should be removed since Plaintiff is domiciled in Florida and alleges that all relevant actions took place in Palm Beach County. *See, 28* U.S.C. §§ 1441(a), (e) & 1446(a); Exhibit A.

**5.      Satisfaction of the Procedural Requirements**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant has filed this

Notice of Removal within 30 days of being served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See, Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344 (1999). Specifically, the Defendant waived service of process of the Summons and Complaint on January 4, 2024, which is within the thirty-day timeframe. *See* Exhibit B attached hereto. Thus, this removal is timely.

Copies of the state court's docket printed from the Palm Beach County Clerk of Court's website and all process, pleadings, orders, and other papers or exhibits of every kind on file in the State Court Action are attached as Exhibit C in compliance with 28 U.S.C. § 1446(a). Defendant will file any supplemental papers not available as of the date of this notice if it becomes necessary. Defendant has paid the appropriate filing fee to the Clerk of this Court upon filing this notice.

**6.  Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendant shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendants
> Esperante Corporate Center
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, FL  33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
>
>
> By: /s/ Nicole Wall
>     NICOLE WALL
>     FBN: 017430
>     Email: Nicole.Wall@csklegal.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 1st day of February 2024, we electronically filed the

foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                By: /s/ Nicole Wall
                    NICOLE WALL
                    FBN: 017430
                    Email: Nicole.Wall@csklegal.com

**SERVICE LIST**
Robert I. Rubin, Esq.
6620 Thornhill Court
Boca Raton, Florida  33433-5527
Tel.:  (561) 322-5752
Email:  Robertianrubin1958@gmail.com
Email:  pleadingsrir@gmail.com
Counsel for Plaintiff
*[Via E-Mail]*