IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA

**SYMPHONY DAWN,**     CASE NO.

    Plaintiff,

v.

**NEXDINE HOSPITALITY,**

    Defendant.

_____/

## COMPLAINT

**COMES NOW,** Plaintiff, Symphony Dawn, by and through her counsel, who sues Defendant, Nexdine Hospitality, and in support thereof states as follows:

### THE PARTIES

1. Plaintiff, Symphony Dawn (hereinafter "Dawn"), is a resident of Palm Beach County, and is sui generis.

2. Defendant, Nexdine Hospitality (hereinafter "Nexdine"), is a Massachusetts company, located at 905 S. Main St., Mansfield, MA 02048.

### JURISDICTION

3. This Court has jurisdiction because the amount in controversy exceeds $50,000.00, and Nexdine does business in Palm Beach County.

### VENUE

4. Venue is appropriate in Palm Beach County because the cause of action arose in Palm Beach County.

### CONDITIONS PRECEDENT

5. Dawn filed her complaint with the EEOC on September 18, 2023. (Exhibit "A")

6. On November 6, 2023, the EEOC issued a "right to sue letter. (Exhibit "B")

## FACTS COMMON TO ALL COUNTS
## COUNT I—SEXUAL HARASSMENT

7. On or about January 2, 2023, Dawn was employed by Nexdine, as a Patient Service Supervisor at Good Samaritan Hospital, in West Palm Beach, Florida.

8. Ms. Dawn's supervisor was Terrell Walker (hereinafter "Walker"), Director of Food Services.

9. Mr. Walker subjected Ms. Dawn to sexual abuse, humiliation, and harassment.

10. Walker retaliated by demoting Dawn to cashier when she rebuffed his romantic advances.

11. Ms. Dawn's pay was unfairly reduced from $17.50 per hour to $14.50 per hour.

12. Walker asked Dawn to meet him after work.

13. When Dawn needed a step stool to reach the coffee, Walker inappropriately offered to grab her waist and lift her.

14. When rebuffed, Walker told her "I see you rode the short bus at school."

15. Further, Walker took away her breaks.

16. When this was brought to the attention of a vice-president he said "I will fix it. You will be receiving additional breaks and reimbursement for thirty (30) minutes each day," but, this never happened implying he wanted to meet up with Dawn.

17. Walker told Dawn that his wife was in Orlando during the week, and that he remained in West Palm Beach.

18. Nexdine has espoused phony reasons for Dawn's termination, including, but not limited the following:

2

## DISCUSSING PERSONAL MATTERS

19. Nexdine ironically accuses Dawn of discussing her personal matters at work.

20. For example, several Nexdine employees, including management, inquired about Dawn's sexual preferences.

21. On January 23, 2023, Dawn's car was deliberately set on fire.

22. Dawn was traumatized.

23. Walker inappropriately grilled Dawn about the incident.

24. In response, Dawn sent Walker photos of the damage.

25. As a result, Dawn took one day off to cope with the stress.

26. Upon return to work on January 25, several Nexdine employees told Dawn that Walker shared the details of the arson with them.

27. Shortly thereafter, Dawn's father died.

28. Walker gave Dawn one day off.

29. Dawn was cruelly demoted upon her return to work.

30. When asked for reasons why she was being demoted, Walker stated "you wear your Apple watch too much."

31. In addition, Walker criticized Dawn for wearing a religious necklace.

## UNSANITARY HABITS

32. Nexdine falsely accused Dawn of unsanitary behavior.

33. Dawn is ServSafe Certified in food safety.

34. Dawn has worked at many restaurants.

35. Dawn is very careful about food safety.

## LUNCH BREAKS

36. Dawn was never given a proper lunch break.

37. Dawn complained about this to a supervisor named "Jason."

38. Dawn informed Walker she has a history of epilepsy, so it was medically risky for her to fast six (6) hours.

39. When Dawn raised these issues to Jason, his response was to "punt it to Medin," who was nowhere to be found.

40. "Medin" was not available, because, as usual, he oversaw cooking lunch for hospital management.

### ALLEGED WARNING TO DAWN

41. Nexdine falsely declared Dawn was "warned" about her unprofessional behavior.

42. The warnings were false; as a result, Dawn refused to sign them.

### NO ONE ELSE WAS SEXUALLY HARASSED

43. Nexdine claims that Walker did not sexually harass any other employees.

44. This is irrelevant.

45. Apparently, there were no other attractive, young female employees to harass.

46. However, Walker was also carrying on another inappropriate relationship with another female employee, Crystal Edwards.

### FREE FOOD

47. Nexdine falsely asserts that Dawn impermissibly allowed staff to pass through the line without paying and she left her register unattended.

48. In fact, most days, the cafeteria computer system was not working, and Walker specifically instructed Dawn to let hospital employees through the line without paying.

### ALLEGED TARDINESS

49. Nexdine attempts to use a "tardiness" defense as a pretext to fire her.

50. Initially, Walker gave Dawn a five (5) minute grace period.

51. For the first three weeks, Dawn could not check in or out, because she did not yet have her I.D. badge.

52. Walker made serious mistakes with her time issues, such that on multiple occasions, Dawn was <u>not paid</u> for her work.

53. Walker cheated Dawn out of overtime. He explained that she could only be paid for forty (40) hours per week, <u>even though she worked overtime</u>.

54. In order to accomplish this, he illegally deducted her thirty-minute lunch break from her time.

55. Worse, this illegal procedure was in direct contravention of Nexdine's initial promise to pay overtime.

56. To add insult to injury, Dawn complained to Walker about lack of overtime.

57. Dawn stated that to support her seriously ill mother, she would have to take a second job.

58. In response, Walker <u>lied</u> and promised her overtime.

59. In addition, Walker's "confidant," Crystal Edwards would facilitate these lies due to her close personal relationship with Walker.

60. Nexdine's V.P. acknowledged Dawn's complaint and promised to "make it up" by giving her more breaks.

61. Unfortunately, this did not occur.

62. Dawn did "rough justice" by being modestly late, to compensate for Nexdine's illegal withholding of her pay.

## THE CELL PHONE

63. Nexdine asserts that Dawn improperly utilized her cell phone at work.

64. Rather, Dawn wore an Apple iPhone watch to work.

65. Dawn's mother is on dialysis.

66. So, rarely, Dawn had to return an urgent call from her sick mother.

## COUNT I
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff repeats and reiterates paragraphs 1-68 as if fully set forth herein.

68. The elements of negligent infliction of emotional distress are:

    a. The Plaintiff must suffer a discernable physical injury.
    b. The injury must be caused by the psychological trauma.
    c. The Plaintiff must be involved in the event causing negligent injury.
    d. The Plaintiff must have a personal relationship with the Defendant.

69. As discussed above in the "facts," all four elements are met.

70. As a direct result, Plaintiff suffered from the following _physical_ injuries:

    a. Insomnia
    b. 20-pound weight loss.
    c. Hair falling out from stress.
    d. Severe anxiety necessitating the need for psychiatric care and Benzodiazepines such as Alprazolam.

**WHEREFORE,** Plaintiff demands judgment against the Defendant.

## COUNT II
## SEXUAL HARASSMENT

71. Plaintiff repeats and reiterates paragraphs 1-66 as if fully set forth herein.

72. Pursuant to F.S. 78.048, Defendant sexually harassed Plaintiff in that they engaged in a course of conduct that caused substantial emotional distress to Plaintiff, which served no legitimate purpose.

73. As a result, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against the Defendant.

6

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

74. Plaintiff repeats and reiterates paragraphs 1-66 as if fully set forth herein.

75. Title VII of the Civil Rights Act prohibits sexual harassment at work.

76. Sexual harassment includes conduct that is sexual in nature including:

    a. Touching.
    b. Requests for sexual favors.
    c. Non-consensual conduct based on gender.

77. Defendant's sexual harassment is illegal and unwelcome and led to a hostile work environment.

78. Retaliation, such as demoting Ms. Dawn, is also illegal.

79. As such, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against the defendant.

## JURY DEMAND

Plaintiff demands a jury trial.

DATE:  December 29, 2023.

By: __/s/Robert I. Rubin_____
Robert I. Rubin, Esq.
Florida Bar No. 7293
Counsel for Plaintiff
561-322-5752
Robertianrubin1958@gmail.com
pleadingsrir@gmail.com

7

Exhibit "A"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2023-10517 |

EEOC-MDO RECEIVED 09/18/2023

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

| Name (Indicate Mr, Ms, Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Symphony Dawn | 5616281850 | 12/16/99 |

| Street Address | City, State and ZIP Code |
|---|---|
| 817 7th St. | West Palm Beach, FL 33401 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No (Incl Area Code) |
|---|---|---|
| NEXDINE | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 905 S. Main St. | 905 S. Main St., Mansfield, MA 02048 |

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about January 2, 2023, Dawn was employed by Nexdine, as a Patient Service Supervisor at Good Samaritan Hospital, in West Palm Beach, Florida.
Ms. Dawns supervisor was Terrel Walker, Director of Food Services. Mr. Walker subjected Ms. Dawn to sexual abuse, humiliation, and harassment.
Walker retaliated by demoting Dawn to cashier when she rebuffed his romantic advances.
Ms. Dawns pay was reduced from $17.50 per hour to $14.50 per hour.
Walker asked Dawn to meet him after work.
When Dawn needed a step stool to reach the coffee, Walker offered to grab her waist and lift her.
When rebuffed, Walker told her " I see you rode the short bus at school. " When rebuffed, Walker took away her breaks.
When this was brought to the attention of a vice-president he said "I will fix it. You will be receiving additional breaks and reimbursement for thirty (30) minutes each day" (This never happened).
Walker told Dawn that his wife was in Orlando during the week, and that he remained in West Palm Beach.
Nexdine has espoused phony reasons for Dawns termination, including, but not limited the following:
Nexdine ironically accuses Dawn of discussing her personal matters at work.
For example, several Nexdine employees, including management, inquired about Dawns sexual preferences.
In response, Dawn stated she was bisexual, but would not elaborate further.
On January 23, 2023, Dawns car was deliberately set on fire.
Dawn was traumatized.
Walker inappropriately grilled Dawn about the incident.
In response, Dawn sent Walker photos of the damage.
As a result, Dawn took one day off to cope with the stress.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9-18-23   Symphony Dawn
Date        Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
Symphony Dawn

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
9-18-23

Edna Edmond
Comm. # GG916278
Expires: October 19, 2023
Bonded Thru Aaron Notary

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2023-10517 |

and EEOC

*State or local Agency, if any*

EEOC-MDO RECEIVED 09/18/2023

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Upon return to work on January 25, several Nexdine employees told Dawn that Walker shared the details of the arson with them.
Shortly thereafter, Dawns father died.
Walker gave Dawn one day off.
Dawn was cruelly demoted upon her return to work.
When asked for reasons why she was being demoted, Walker stated " you wear your Apple watch too much. "
In addition, Walker criticized Dawn for wearing a religious necklace.
Nexdine falsely accused Dawn of unsanitary behavior.
Dawn is ServSafe Certified in food safety.
Dawn has worked at many restaurants.
Dawn was never given a proper lunch break. Dawn complained about this to a supervisor named " Jason. "
Dawn informed Walker she has a history of epilepsy, so it is medically risky for her to fast six (6) hours.
When Dawn raised these issues to Jason, his response was to " punt it " to Medin, who was nowhere to be found.
Medin " was not available, because, as usual, he oversaw cooking lunch for hospital management.
Nexdine falsely declared Dawn was " warned " about her unprofessional behavior. In fact, no written warnings were ever issued to Dawn.
NO ONE ELSE WAS SEXUALLY HARASSED
Nexdine claims that Walder did not sexually harass any other employees.
This is irrelevant.
Perhaps there were no other attractive, young female employees to harass.
Walker was carrying on a relationship with another female employee, Crystal Edwards.
Nexdine falsely asserts that Dawn impermissibly allowed staff to pass through the line without paying and she left her register unattended.
In fact, most days, the cafeteria computer system was not working, and Walker specifically instructed Dawn to let hospital employees through the line without paying.
Nexdine attempts to use a tardiness defense as a pretext to fire her.
Initially, Walker gave Dawn a five (5) minute grace period. Second, for the first three weeks, Dawn could not check in or out, because she did not yet have her I.D. badge.
Third, Walker made serious mistakes with the time issues, such that on multiple occasions, Dawn was not paid for her work.
When this was brought to Walker ' s attention, he offered to fix it by buying Dawn a $200 gift card.
Fourth, Walker also cheated Dawn out of overtime. He explained that she could only be paid for forty (40) hours per week, even though she worked overtime. In order to accomplish this, he illegally deducted her thirty-minute lunch break from her time.
Worse, this illegal procedure was in direct contravention of Nexdine ' s initial promise to pay overtime during Dawn ' s interview.
To add insult to injury, Dawn complained to Walker about overtime. Dawn stated that to support her seriously ill mother, she would have to take a second job.
In response, Walker lied and promised her overtime.
In addition, Walker ' s " confidant, " Crystal Edwards would facilitate these lies due to her close personal relationship with Walker.
Nexdines V.P. acknowledged Dawn ' s complaint and promised to " make it up " by giving her more breaks.
Unfortunately, this did not occur.
Finally, Dawn did " rough justice " by being late, to compensate for Nexdine ' s illegal withholding of her pay.
THE CELL PHONE
Nexdine asserts that Dawn improperly utilized her cell phone at work.
Rather, Dawn wore an Apple iPhone watch to work.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| 9-18-23   Symphony Dawn<br>Date   Charging Party Signature | SIGNATURE OF COMPLAINANT<br>Symphony D.<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DAY (month, day, year)<br>9-18-23 |

Edna Edmond
Comm. # GG916278
Expires: October 19, 2023
Bonded Thru Aaron Notary

EEOC-MDO
RECEIVED 09/18/2023
CHARGE NUMBER: 510-2023-10517

In addition, Walker's "confidant," Crystal Edwards would facilitate these lies due to her close personal relationship with Walker.

Nexdine's V.P. acknowledged Dawn's complaint and promised to "make it up" by giving her more breaks.

Unfortunately, this did not occur.

Finally, Dawn did "rough justice" by being late, to compensate for Nexdine's illegal witholding of her pay.

Nexdine asserts that Dawn improperly utilized her cell phone at work.

Rather, Dawn wore an Apple iPhone watch to work.

Dawn's mother is on dialysis.

So, rarely, Dawn had to return an urgent call from her mother.

Plaintiff repeats and reiterates paragraphs 1-62 as if fully set forth herein.

The elements of negligent infliction of emotional distress are:

    a. The Plaintiff must suffer a discernable physical injury.
    b. The injury must *be* caused by the psychological trauma.
    c. The Plaintiff must be involved in the event causing negligent injury.
    d. The Plaintiff must have a personal relationship with the Defendant.

As discussed above in the "facts," all four elements are met.

As a direct result, Plaintiff suffered from the following physical injuries:

    e. Insomnia
    f. 20-pound weight loss.
    g. Hair falling out from stress.
    h. Severe anxiety necessitating the need for psychiatric care and Alprazolam.

The elements of negligent infliction of emotional distress are:

    i. The Plaintiff must suffer a discernable physical injury.
    j. The injury must *be* caused by the psychological trauma.
    k. The Plaintiff must be involved in the event causing negligent injury.
    l. The Plaintiff must have a personal relationship to the Defendant.

As discussed above in the "facts," all four elements are met.

As a direct result, Plaintiff suffered from the following physical injuries:

    m. Insomnia
    n. 20-pound weight loss.
    o. Hair falling out from stress.
    p. Severe anxiety necessitating the need for psychiatric care and Alprazolam.

EEOC-MDO
RECEIVED 09/18/2023
CHARGE NUMBER: 510-2023-10517

Pursuant to F.S. 78.048, Defendant harassed Plaintiff in sexual harassment that they engaged in a course of conduct that caused substantial emotional distress to Plaintiff, which served no legitimate purpose.

As a result, Plaintiff has been damaged.

Title VII of the Civil Rights Act prohibits sexual harassment at work.

Sexual harassment includes conduct that is sexual in nature including:

q. Touching.
r. Requests for sexual favors.
s. Non-consensual conduct based on gender.

Defendant's sexual harassment is illegal and unwelcome and led to a hostile work environment.

Retaliation, such as demoting Ms. Dawn, is illegal.



Exhibit "B"

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Ms. Symphony Dawn<br>817 7th St.<br>West Palm Beach, FL 33401 | From: Miami District Office<br>100 SE 2nd St, Suite 1500<br>Miami, FL 33131 |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2023-10517 | SERGIO MALDONADO,<br>Investigator | (786) 648-5871 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

- The EEOC is terminating its processing of this charge.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Evangeline Hawthorne
11/06/2023

Enclosures(s)

Evangeline Hawthorne
Director

cc:  Nicole M Wall
Cole, Scott & Kissane, P.A.
222 LAKEVIEW AVE STE 120
West Palm Beach, FL 33401
Contact Information
905B S MAIN ST SUITE 203
MANSFIELD, MA 02048

Robert I Rubin
robertianrubin1958@gmail.com

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of **the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*