UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80117-ROSENBERG/REINHART

SYMPHONY DAWN,

    Plaintiff,

v.

NEXDINE HOSPITALITY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). DE 9. The Court has reviewed the Motion, Plaintiff's Response [DE 12], Defendant's Reply [DE 13], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

### I.  FACTUAL ALLEGATIONS & BACKGROUND

Plaintiff Symphony Dawn filed her Complaint in Florida state court on December 31, 2023. DE 1-1. She brings this case against Defendant Nexdine Hospitality, her former employer. *See id.* Plaintiff includes the following claims in her Complaint: (1) negligent infliction of emotional distress ("NIED"); (2) sexual harassment under the Florida Civil Rights Act; and (3) violations of Title VII of the Civil Rights Act. *See id.* The allegations below are taken from the Complaint and accepted as true for the purpose of this Motion.

On or about January 2, 2023, Plaintiff was employed by Defendant as a Patient Service Supervisor at Good Samaritan Hospital in West Palm Beach, Florida. DE 1-1 at ¶ 7. Plaintiff's supervisor was Terrell Walker, Director of Food Services. *Id.* at ¶ 8. Walker asked Plaintiff to meet him after work, told her when his wife was out of town, and offered to grab her waist and lift

her when Plaintiff needed a step stool to reach the coffee. *Id.* at ¶¶ 12-13, 17.  When Plaintiff rebuffed Walker's romantic advances, he demoted her and reduced her pay from $17.50 to $14.50 per hour. *Id.* at ¶¶ 10-11.  Walker also took away Plaintiff's break time. *Id.* at ¶ 15.  When Plaintiff's lack of break time was brought up to a vice president, he said he would fix it, but this never happened. *Id.* at ¶ 16.  Additionally, several of Defendant's employees, including management, inquired about Plaintiff's sexual preferences. *Id.* at ¶ 20.  Plaintiff was ultimately fired after a few weeks. *Id.* at ¶¶ 26-29.  Plaintiff alleges that Defendant has provided several "phony" reasons for her termination. *Id.* at ¶¶ 18-66.

Defendant removed this case to federal court on February 1, 2024. DE 1.  On February 7, Defendant filed the instant Motion to Dismiss. DE 9.  On March 4, having received no response from Plaintiff, the Court ordered Plaintiff to show cause why the motion should not be granted by March 8. DE 11.  On March 8, Plaintiff filed a Response with a Motion for Leave to Amend the Complaint. DE 12.  Defendants filed a timely Reply. DE 13.

## II.     STANDARD OF REVIEW

A court may grant a motion to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual

enhancement. *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555*; see also Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully").

A court ruling on a motion to dismiss a complaint accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017). The court need not accept legal conclusions couched as factual allegations. *Diverse Power, Inc. v. City of LaGrange*, 934 F.3d 1270, 1273 (11th Cir. 2019). "Under Rule 12(b)(6), dismissal is proper when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (quotation marks omitted).

## III.   THE PARTIES' ARGUMENTS

In its Motion, Defendant argues that Plaintiff's Complaint fails to state a claim for which relief may be granted. DE 9 at 2. First, Defendant argues that Plaintiff's NIED claim should be dismissed as Plaintiff has not shown that the emotional distress suffered flowed from physical injuries sustained by physical impact. *Id.* at 3. Second, Defendant argues that Plaintiff's state and federal sexual harassment claims fail because Plaintiff is unable to satisfy the following four (out of five)[1] elements of a sexual harassment claims: (1) she was subjected to unwelcome harassment; (2) the harassment was based on her protected characteristic; (3) the harassment was severe and pervasive enough to affect the terms of her employment and/or create a discriminatory abusive working environment; and (4) a basis for holding the employer liable exists. *Id.* at 4.

---

[1] Defendant concedes that Plaintiff satisfies the first element, that Plaintiff is part of a protected class. DE 9 at 4-5.

In her Response, Plaintiff repeats the fact statement from her Complaint, adds a copy of Defendant's sexual harassment policy from its employee handbook, and includes a short memorandum of law in which she asks this Court to grant leave to amend the Complaint. DE 12 at 1-8.  In the proposed amended complaint, Plaintiff replaces her NIED claim with an intentional infliction of emotional distress ("IIED") claim and adds a claim for breach of contract. DE 12 at 16-18.  However, Plaintiff's Response does not address any of the legal arguments in Defendant's Motion.

In its Reply, Defendant highlights Plaintiff's failure to address Defendant's legal arguments. DE 13 at 2.  Defendant also argues that Plaintiff should not be granted leave to amend her Complaint, as further amendment would be futile. *Id.* at 3.  In particular, Defendant contends that the alleged conduct was not "outrageous" and therefore does not give rise to a claim for IIED. *Id.* at 4-7.  Additionally, Defendant argues that Plaintiff's proposed breach of contract claim is flawed, as policy statements in employment manuals do not give rise to enforceable contract rights under Florida law. *Id.* at 7-10.

## IV.   ANALYSIS

The Court begins its analysis by examining Defendants' unrefuted arguments regarding the NIED and sexual harassment claims and then addresses Plaintiff's proposed IIED and breach of contract claims.

*A.   NIED Claim*

Under Local Rule 7.1(c)(1), failure to respond to a motion "may be deemed sufficient cause for granting the motion by default."  Plaintiff did not respond to Defendant's arguments as to her NIED claim; in fact, Plaintiff states that "the complaint should have pled <u>intentional</u> infliction of

4

emotional distress, rather than negligent infliction." DE 12 at 7 (emphasis in original). Therefore, Plaintiff's NIED claim is dismissed.

### B. Sexual Harassment Claims

Title VII and the Florida Civil Rights Act ("FCRA") prohibit sex discrimination, which includes sexual harassment. *Blackmon v. Wal-Mart Stores E., L.P.*, 358 Fed. App'x 101, 102 (11th Cir. 2009). As the FCRA was modeled after Title VII, "Florida courts have held that decisions construing Title VII are applicable when considering claims under the [FCRA]." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998). Therefore, the Court proceeds with a single analysis for both the state and federal sexual harassment claims at issue.

To succeed on a sexual harassment claim, a plaintiff must establish that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic; (4) the harassment was severe or pervasive enough to affect the terms and conditions of her employment and/or create a discriminatory abusive working environment; and (5) a basis for holding the employer liable exists. *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238 (11th Cir. 2004). In its Motion, Defendant argues that Plaintiff does not satisfy the last four elements. DE 9 at 4. In her Response, Plaintiff does not address Defendant's legal arguments. *See id.* Instead, Plaintiff includes additional facts in her proposed amended complaint that seemingly attempt to ameliorate the deficiencies in her Complaint as to the last four elements.[2]

---

[2] These facts include: (1) that Plaintiff complained to three supervisors (although she does not specify the nature of her complaints); (2) that Walker touched Plaintiff on the small of her back behind closed doors; (3) that on multiple occasions, Walker harassed Plaintiff by standing close to her and whispering in her ear; and (4) that Walker demanded Plaintiff return a "chef coat" she was wearing when she had nothing on underneath. *See* DE 12 at 12.

The Court finds that Plaintiff has not pled facts demonstrating severe or pervasive harassment.[3] To prevail on a sexual harassment claim, a plaintiff must plead sufficient facts to show, in relevant part, the harassment was so "severe or pervasive [as] to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Furthermore, a plaintiff must plead that a "work environment is both subjectively and objectively hostile." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1249 (11th Cir. 2014). "In assessing whether harassment is objectively severe and pervasive, courts typically look to: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening and humiliating or just a mere utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247-48 (11th Cir. 2004).

Here, Plaintiff has not alleged severe or pervasive harassment. First, her Complaint identifies three instances of harassment: (1) Walker asking Plaintiff to meet him after work; (2) Walker telling Plaintiff when his wife was out of town, and (3) Walker's offer to grab Plaintiff's waist and lift her to reach the coffee. Second, this conduct does not rise to the level of severity Courts have required in other cases. *See, e.g.*, *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 509 (11th Cir. 2000) (finding conduct was severe where it included the defendant "giving [plaintiff] unwanted massages, standing so close to [plaintiff] that his body parts touched her from behind, and pulling his pants tight to reveal the imprint of his private parts"). Third, Plaintiff has not alleged whether the conduct was physically threatening and humiliating beyond the conclusory statement that "Mr. Walker subjected Ms. Dawn to sexual abuse, humiliation, and

---

[3] As the Court grants the Motion based on the fourth element of the sexual harassment claims, it need not reach Defendant's arguments as to the other elements.

harassment." DE 1-1 at ¶ 9. Fourth, Plaintiff has not alleged facts regarding how Walker's conduct unreasonably interfered with her workplace performance. Therefore, Plaintiff has not satisfied the fourth element of her sexual harassment claims and the claims are dismissed. Furthermore, as Plaintiff has not responded to Defendant's legal arguments, the Court also grants the Motion as more fully set forth in this Order.

### C. Proposed Claims

"[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). More specifically, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quotation omitted). Here, both Plaintiff's proposed IIED and breach of contract claims do not meet the federal pleading standard. Therefore, the Court denies Plaintiff leave to amend the complaint as to those two claims. However, the Court grants Plaintiff leave to amend her sexual harassment claims.

### i. IIED

Plaintiff does not establish a cause of action for IIED against Defendant. Under Florida law, the elements of an IIED claim include: "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress." *Blair v. NCL (Bahamas) Ltd.*, 212 F. Supp. 3d 1264, 1270 (S.D. Fla. 2016). Extreme and outrageous conduct is conduct that is "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lopez v. Target*

7

*Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

Although Florida courts have often rejected claims for intentional infliction of emotional distress relating to sexual harassment in the employment context, Florida law does not bar these claims. *See Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1558 (S.D. Fla. 1996). Courts have found the requisite outrageous conduct in several fact scenarios.[4] However, "the touchstone of these cases is the presence of relentless physical, as well as verbal, harassment." *Id.* at 1559.

Here, Plaintiff describes the following conduct by Walker in the proposed amended complaint: (1) asking Plaintiff to meet him after work; (2) attempting to lift her when she needed a step stool; (3) saying "I see you rode the short bus at school"; (4) touching the small of Plaintiff's back; (5) snatching Plaintiff's ID badge; (6) demanding the return of Plaintiff's coat when she had nothing on underneath; and (7) telling Plaintiff that his wife was away during the week. The actions described do not include the kind of "offensive, non-negligible contact . . . coupled with persistent verbal abuse and threats of retaliation" sufficient to support an IIED claim compared to the case law at issue. *See id.* Therefore, Plaintiff's allegations do not meet the "extremely high

---

[4] *See Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1561 (S.D. Fla. 1996) (repeatedly touching, squeezing, fondling, hugging, blowing, and tickling the plaintiff along with the repetition of lewd and vulgar sexual remarks); *Stockett v. Tolin*, 791 F. Supp. 1536, 1556 (S.D. Fla. 1992) (plaintiff was pinned against the wall, refused to allow to escape, and physically attacked on a weekly basis); *Johnson v. Thigpen*, 788 So. 2d 410, 414 (Fla. Dist. Ct. App. 2001) (sexually explicit, demeaning, and vulgar language coupled with evidence of inappropriate, unwelcomed physical contact); *Urquiola v. Linen Supermarket, Inc.*, No. 94-14-CIV-ORL-19, 1995 WL 266582, at *4 (M.D. Fla. Mar. 23, 1995) (numerous incidents of kissing, groping, attempted rape, and use of sexually explicit, demeaning, and vulgar language); *Nims v. Harrison*, 768 So. 2d 1198, 1201 (Fla. Dist. Ct. App. 2000) (threats to kill plaintiff and rape her children); *but see Howry v. Nisus, Inc.*, 910 F. Supp. 576, 580-81 (M.D. Fla. 1995) (employer's action of physically touching himself and employees in a suggestive manner, using obscene language, and commenting on sex organs was insufficient under Florida law to state a claim for intentional infliction of emotional distress).

standard" for outrageous conduct under Florida law. *See Harapeti v. CBS Television Stations Inc.*, 2021 WL 3888126, at *6 (S.D. Fla. 2021).  Amendment would therefore be futile.

      ii.       Breach of Contract

Plaintiff's proposed breach of contract claim is also insufficient.  Under Florida law, the elements of a breach of contract claim are "(1) a valid contract; (2) a material breach; and (3) damages." *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. Dist. Ct. App. 2003). Plaintiff's proposed amended complaint fails to allege any of these elements.

Here, Plaintiff claims that the sexual harassment policy contained in Defendant's employee handbook is a valid contract under Florida law.  However, "[i]t is well established Florida law that policy statements contained in employment manuals do not give rise to enforceable contract rights in Florida unless they contain specific language which expresses the parties' explicit mutual agreement that the manual constitutes a separate employment contract." *Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 576-77 (Fla. Dist. Ct. App. 2002); *see LaRocca v. Xerox Corp.*, 587 F. Supp. 1002, 1004 (S.D. Fla. 1984) (granting employer's motion for summary judgment where the policy at issue lacked any language "expressly providing that the manual is to constitute a separate employment contract").  An employer's unilateral act of implementing an internal policy does not constitute a contract. *Carlucci v. Demings,* 31 So. 3d 245, 247 (Fla. Dist. Ct. App. 2010).  As Plaintiff has not alleged that there is explicit language in Defendant's sexual harassment policy or employment handbook demonstrating that either constitutes a separate employment contract, there is no contract at issue.  As there is no contract, there is similarly no breach of contract or damages. Therefore, Plaintiff's proposed amendment would be futile.

iii.  Sexual Harassment

The Court does not reach the question of whether Plaintiff's newly alleged facts in her proposed amended complaint give rise to a claim for sexual harassment, and additionally, whether such an amendment would be futile. Instead, the Court grants Plaintiff leave to amend her sexual harassment claims. If Defendant still finds the pleading insufficient, Defendant may file a second motion to dismiss. If so, Plaintiff shall fully brief her legal argument as to why case law shows that the facts pled give rise to a sexual harassment claim.

## V.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [DE 9], is **GRANTED** as more fully set forth in this Order.

2. Plaintiff's Motion for Leave to Amend, filed as part of her Response [DE 12], is **GRANTED IN PART AND DENIED IN PART** as more fully set forth in this Order.

3. The Court's dismissal is with leave to amend provided the amended complaint is filed by May 30, 2024, and complies with the Court's holdings in this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of May, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record