UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**SYMPHONY DAWN,**

                              Case No. 24-CV-80117-RLR/BER

        Plaintiff,

v.

**NEXDINE HOSPITALITY,**

        Defendant.

_____/

## SECOND AMENDED COMPLAINT

**COMES NOW,** Plaintiff, Symphony Dawn, by and through her counsel, who sues NexDine Hospitality and in support thereof states as follows:

## THE PARTIES

1. Plaintiff, Dawn, is a resident of Palm Beach County, and is sui generis.
2. Defendant, NexDine, is a Massachusetts company, located at 905 S. Main St., Mansfield, MA 02048.

## JURISDICTION

3. This Court has jurisdiction because the amount in controversy exceeds $75,000.00, and it involves a federal question.

## VENUE

4. Venue is appropriate in the Southern District of Florida because the cause of action arose in Palm Beach County.

## FACTS COMMON TO ALL COUNTS
## EMPLOYEE HANDBOOK

5. NexDine's employee handbook sets forth the duties of NexDine and provides a basis for a negligence count:

    > NexDine strives to provide a work environment that is free from harassment. Therefore, NexDine will not tolerate harassment based on age, race, gender, color, religion, national origin, disability, marital status, covered veteran status, sexual orientation, status with respect to public assistance and other characteristics protected under state federal or local law.  This conduct is prohibited in any form

LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

at the workplace, at work-related functions or outside of work if it affects the workplace. This policy applies to all employees, clients, customers, guests, vendors, and persons doing business with the company.

Harassment consists of unwelcome conduct toward an individual because of his or her age, race, gender color, religion or other protected status when the conduct creates an intimidating, hostile or offensive work environment that causes work performance to suffer or negatively affects job opportunities.

Types of prohibited harassment include, but are not limited to, the following:
- Verbal or written comments related to a trait someone possesses, including name-calling, jokes, slurs, negative stereotyping, or threats.
- Explicit or degrading verbal comments about another individual or his or her appearance.
- Nonverbal conduct, such as staring, leering, or giving inappropriate gifts.
- Physical conduct, such as assault or unwanted touching.
- Visual images, in hard copy or electronic form, relating to a trait someone possesses (for example, cartoon, drawings or pictures.

Appropriate performance reviews, counseling or discipline by your manager do not constitute harassment.

If you feel that you are being harassed, take the following steps:

- Tell the harasser that his or her actions are not welcomed, and they must stop, if you feel comfortable enough to do so.
- Report the incident immediately to your manager or Human Resources.

All reports will be investigated immediately and thoroughly. Complaints and actions taken to resolve complaints will be handled as confidentially as possible. Appropriate actions will be taken to stop and remedy such conduct, including interim measures during a period of investigation.

Retaliating or discriminating against an employee who reports a suspected incident of harassment or who cooperates in an investigation is prohibited. Employees who violate this policy or retaliate against an employee n any way will be subject to disciplinary action, up to and including termination.

NexDine prohibits sexual harassment of all kinds. This policy applies no only to employees, but also to clients, customers guests, vendors and anyone else doing business with NexDine. Any employee who feels that he or she has been a victim of sexual harassment, should notify Human Resources immediately.

LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

Sexual harassment is defined as unwelcome sexual advances requests for sexual favors and other verbal or physical conduct of a sexual nature when:

- Submission to such conduct is made a term or condition, either explicitly or implicitly, of an individual's employment.
- Submission to or rejection of such conduct by an individual is used as a factor in decisions affecting that individual's employment.
- Such conduct has the purpose or effect of interfering with an individual's work performance or creates an intimidating, hostile or offensive work environment.

Sexual harassment includes many forms of offensive behavior, including the harassment of a person of the same gender as the harasser.  Examples of sexual harassment include, but are not limited to, the following:

- Unwelcome sexual flirtations or propositions.
- Verbal comments related to an individual's gender or sexual orientation.
- Explicit or degrading ve4rbal comments about another individual or his or her appearance.
- The display of sexually suggestive pictures or objects in any workplace location, including transmission or display via computer.
- Any sexually offensive or abusive physical conduct.
- The taking of or the refusal to take any personnel action based on an employee's submission to or rejection of sexual overtures.
- Displaying cartoons or telling jokes which relate to an individual's gender or sexual orientation.

It is important to NexDine that all employees are protected from harassment.  Any incidents that are perceived as harassment will be investigated and appropriate action will be taken by NexDine.

### **MULTIPLE, PERVASIVE, UNWELCOME, VULGER, SEXUAL OVERTURES BY WALKER**

6. On or about January 2, 2023, Dawn was employed by NexDine, as a Patient Service Supervisor at Good Samaritan Hospital, in West Palm Beach, Florida.
7. Ms. Dawn's supervisor was Terrel Walker, Director of Food Services.
8. Mr. Walker subjected Ms. Dawn to sexual abuse, humiliation, and harassment.
9. Walker retaliated by demoting Dawn to cashier when she rebuffed his romantic advances.
10. Ms. Dawn's pay was reduced from $17.50 per hour to $14.50 per hour.
11. Walker asked Dawn to "meet him" after work.

LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

12. When Dawn needed a step stool to reach the coffee, Walker attempted to grab her waist and lift her.
13. When rebuffed, Walker told her "I see you rode the short bus at school."
14. When rebuffed, Walker took away her breaks.
15. On multiple occasions, Walker sexually harassed Dawn by standing very close to her and whispering in her ear.
16. Walker closed his office door and touched Dawn in the small of her back.
17. Dawn complained to supervisors "David," Jason, and Medin.
18. Walker grabbed Dawn's "chef coat" and demanded its return.  Dawn said she had nothing on under her coat.
19. Walker physically brushed his groin against her and snatched her ID badge from her coat.
20. When this was brought to the attention of a vice-president he said "I will fix it.  You will be receiving additional breaks and reimbursement for thirty (30) minutes each day" (this never happened).
21. Walker's behaviour was not "fixed" until he was fired on or about January 1, 2024.
22. On or about January 2, 2023, Walker called Dawn into his office to complete paperwork. He closed the door, she asked for a chair, he said "you can stand here."
23. Walker told Dawn that his wife was in Orlando during the week, and that he remained in West Palm Beach.
24. Dawn then felt his erect penis rub against her behind and he said, "you will do good here."
25. NexDine violated its own harassment policy and has espoused phony reasons for Dawn's termination, including, but not limited the following:

## RETALIATION

26. Dawn was demoted to cashier.
27. Dawn's pay was reduced.
28. Walker's girlfriend, "Crystal," now gave Dawn orders outside her job description, such as garbage pick-up.

## NEXDINE PRETEXT
## DISCUSSING PERSONAL MATTERS

29. There is a camera by the cash register.
30. NexDine accuses Dawn of discussing her personal matters at work.
31. For example, several NexDine employees, including management, inquired about Dawn's sexual preferences.
32. In response, Dawn stated she was bisexual, but would <u>not</u> elaborate further.
33. On January 23, 2023, Dawn's car was deliberately set on fire.
34. Dawn was traumatized.
35. Walker inappropriately grilled Dawn about the incident.
36. In response, Dawn sent Walker photos of the damage.
37. As a result, Dawn took one day off to cope with the stress.
38. Upon return to work on January 25, several NexDine employees told <u>Dawn that Walker shared the details of the arson with them.</u>
39. Shortly thereafter, Dawn's father died.

40. Walker retaliated and gave Dawn only one day off.
41. Dawn was cruelly demoted upon her return to work.

## **RELIGIOUS PERSECUTION**

42. Walker criticized Dawn for wearing a <u>religious necklace</u>.

## **UNSANITARY HABITS**

43. NexDine retaliated by falsely accusing Dawn of unsanitary behavior.
44. Dawn is ServSafe Certified in food safety.
45. Dawn has worked at many restaurants and is conscious of food safety.

## **LUNCH BREAKS**

46. Dawn was never given a proper lunch break (until after 3:00pm). Dawn complained about this to a supervisor, "Jason."
47. Dawn informed NexDine she has a history of epilepsy, so it is <u>medically risky</u> for her to fast six (6) hours.
48. When Dawn raised these issues to Jason, his response was to "punt it" to "Medin," another supervisor.

## **ALLEGED WARNING TO DAWN**

49. NexDine falsely declared Dawn was "warned" about her unprofessional behavior. In fact, <u>no</u> written warnings were ever issued to Dawn.

## **NO ONE ELSE WAS SEXUALLY HARASSED**

50. NexDine disingenuously claims that Walker did not sexually harass any <u>other</u> employees.
51. This is irrelevant.
52. Perhaps there were no other attractive, young, female employees to harass.
53. Moreover, Walker was carrying on an inappropriate relationship with another female employee, Crystal Edwards.

## **FREE FOOD**

54. NexDine falsely asserts that Dawn impermissibly allowed staff to pass through the line without paying.
55. In fact, most days, the cafeteria computer system was not working, and Walker <u>specifically instructed</u> Dawn to let hospital employees through the line without paying.

## **ALLEGED TARDINESS**

56. NexDine attempts to use a "tardiness" defense as a pretext to fire her.
57. For the first three weeks, Dawn could not check in or out, because she did not yet have her I.D. badge.
58. Second, Walker made serious mistakes with the time issues, such that on multiple occasions, Dawn was <u>not paid</u> for her work.
59. When this was brought to Walker's attention, he offered to buy Dawn a $200 gift card.
60. Third, Walker also cheated Dawn out of overtime. He explained that she could only be paid for forty (40) hours per week, <u>even though she worked overtime</u>.

LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

61. In order to accomplish this, he <u>illegal</u>ly deducted her thirty-minute lunch break from her time.
62. Worse, this illegal procedure was in direct contravention of Federal Wage Law and NexDine's initial promise to pay overtime during Dawn's interview.
63. To add insult to injury, Dawn complained to Walker about the lack of overtime. Dawn stated that to support her seriously ill mother, she would have to take a second job.
64. In response, Walker <u>lied</u> and promised her overtime.
65. NexDine's executives Dave, Jason, and Medin <u>acknowledged</u> Dawn's complaint and promised to "make it up" by giving her more breaks.
66. This <u>did not occur</u>.
67. Finally, Dawn was intentionally minutes late, to compensate for NexDine's illegal withholding of her pay.

## THE CELL PHONE

68. NexDine asserts that Dawn improperly utilized her cell phone at work.
69. Dawn's mother is on dialysis.
70. So, rarely, Dawn had to return an urgent call from her mother.

## COUNT I
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff repeats and reiterates paragraphs 1-70 as if fully set forth herein.
72. The elements of intentional infliction of emotional distress are:
    a. The Defendant's conduct was intentional infliction or reckless.
    b. The conduct was outrageous, and beyond human decency, especially rubbing his erect penis against her behind.
    c. The conduct caused severe emotional distress.
73. Here, all three elements are easily met.
74. As a direct result, Plaintiff suffered from the following physical injuries:
    d. Insomnia
    e. 20-pound weight loss.
    f. Hair falling out from stress.
    g. Severe anxiety which necessitates the need for psychiatric care.
    h. Need for anti-anxiety medicine, Alprazolam.

## COUNT II

## SEXUAL HARASSMENT

75. Plaintiff repeats and reiterates paragraphs 1-70 as if fully set forth herein.
76. Pursuant to F.S. 78.048, and facts 1-70, Defendant harassed Plaintiff in that they engaged in a course of conduct that caused substantial emotional distress to Plaintiff, which served no legitimate purpose.
77. As a result, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against the Defendant.

## COUNT III

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

78. Plaintiff repeats and reiterates paragraphs 1-70 as if fully set forth herein.
79. Title VII of the Civil Rights Act prohibits sexual harassment at work.
80. Sexual harassment includes conduct that is sexual in nature including:
    i.  Touching.
    j.  Requests for sexual favors.
    k.  Non-consensual conduct based on gender.
81. Defendant's sexual harassment was illegal and unwelcome and led to a hostile work environment.
82. Retaliation, such as demoting Ms. Dawn, is illegal.
83. As such, Plaintiff has been damaged.

## CONDITIONS PRECEDENT

84. Plaintiff has filed a complaint with the E.E.O.C. which issued a right to sue letter.

## COUNT IV

## NEGLIGENCE

85. Plaintiff repeats and reiterates paragraphs 1-70 as if fully set forth herein.
86. NexDine employee handbook on harassment, and sexual harassment is set forth above.
87. The handbook creates a duty and obligates NexDine to enforce a code of conduct.
88. NexDine breached their duty and was negligent on numerous occasions, described above.
89. As a result, Dawn suffered physical, emotional, and economic harm.

**WHEREFORE,** Plaintiff demands judgment against the Defendant.

## COUNT V

## HARRASSMENT

90. Plaintiff repeats and reiterates paragraphs 1-70 as if fully set forth herein.
91. Florida defines harassment as behavior that causes substantial emotional distress to a person, and serves no legitimate purpose, as here.
92. As a result, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against the Defendant.

## JURY DEMAND

Plaintiff demands a jury trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 22nd day of May, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

By:_____
Robert I. Rubin, Esq.
Florida Bar No. 7293
Counsel for Plaintiff
Telephone: (561) 322-5752
E-Mail: robertianrubin1958@gmail.com
pleadingsrir@gmail.com