UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80117-RLR

SYMPHONY DAWN,

    Plaintiff,

v.

NEXDINE HOSPITALITY,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** arises out of the alleged sexual harassment that Plaintiff Symphony Dawn experienced when she was employed by Defendant Nexdine Hospitality.  Plaintiff initiated her action in state court on December 31, 2023. DE 1 at 1.  Defendant timely removed the matter to federal court on February 1, 2024. *Id.*  After two rounds of amendment of the complaints and motions to dismiss, *see* DE 14, 21, Plaintiff proceeded with two counts in her Second Amended Complaint: sexual harassment in violation of the Florida Civil Rights Act (Count II) and Title VII of the Civil Rights Act (Count III). DE 30.  Defendants answered and asserted affirmative defenses to Plaintiff's Second Amended Complaint, including the affirmative defense that Plaintiff unreasonably failed to take advantage of any opportunities provided by Defendant to prevent and correct any harassing behavior. DE 31 at 6.

Defendants have moved for summary judgment on Plaintiff's claims. DE 57.  The Court has reviewed the Motion, Plaintiff's Response [DE 66], Defendant's Reply [DE 68], and the record and is otherwise fully advised in the premises.  For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

## I.      STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If the movant meets this burden, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).  "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008).  When deciding a summary judgment motion, a court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016).  The court does not weigh conflicting evidence or make credibility determinations. *Id.*

## II.      ANALYSIS

Defendant's Motion argues that Plaintiff cannot establish a *prima facie* case of sexual harassment because Plaintiff was not subjected to unwelcome sexual harassment, the alleged conduct was not severe and pervasive, and there is no basis to hold Nexdine liable for the alleged conduct. DE 57 at 2.  After Plaintiff responded, DE 66, Defendant's Reply further argued that Plaintiff's Response "fails on its face due to the glaring deficiencies and improprieties of" the responsive brief and its accompanying statement of material facts, DE 68 at 1.

The Court first addresses the deficiencies in Plaintiff's Response to Defendant's Motion before reviewing the undisputed facts and analyzing Plaintiff's Title VII and FCRA claims.

**A.      Plaintiff's Response and Statement of Material Facts**

Local Rule 56.1(b) sets forth the form required for the Statement of Material Facts accompanying Plaintiff's Response.  Among other requirements, each fact must be supported by specific, pinpoint references to particular page numbers of record material, as well as to any line numbers and ECF numbers if applicable, L.R. 56.1(b)(1)(B); the Statement of Material Facts must correspond with the order and paragraph numbering format used by the movant, but not repeat the text of the movant's paragraphs, L.R. 56.1(2)(A); and the Statement of Material Facts must use, as the very first word in each paragraph-by-paragraph response, the word "disputed" or undisputed," L.R. 56.1(2)(B).

Plaintiff's Statement of Material Facts fails to comply with these requirements. *See* DE 67. The vast majority of Plaintiff's asserted facts contain no citations to the record, do not correspond to Defendant's Statement of Material Facts, and do not begin with "disputed" or "undisputed."  Of the four material facts for which Plaintiff has included citations, two include citations to Plaintiff's Second Amended Complaint,[1] and only one contains a specific pinpoint reference to record material. *See id.* ¶¶ 2–3, 69, 72; Fed. R. Civ. P. 56(c)(1)(A) (requiring that citations be to "particular parts of materials in the record"); *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1283 (11th Cir. 2019) (requiring that a response to a summary judgment motion set forth by affidavit or other evidence specific facts, as opposed to the factual allegations permitted at the pleading stage).

---

[1] Plaintiff also makes one citation to "Exhibit D," Plaintiff's affidavit in opposition to Defendant's Motion for Summary Judgment. DE 67 ¶ 72; DE 67-4.  The affidavit states that "All 42 facts in my complaint against Nexdine are true." DE 67-4 ¶ 3.  The Complaint, however, is not the operative pleading.  The Second Amended Complaint, which *is* the operative pleading, contains over sixty allegations. DE 30.  And at summary judgment, a plaintiff's "conclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

Because the Court need consider only the cited materials, all material facts in Defendant's Statement of Material Facts are properly deemed admitted. L.R. 56.1(c); Fed. R. Civ. P. 56(c)(3), (e)(2). The Court may also grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(3). The Court therefore turns next to the undisputed facts.

**B.      Undisputed Facts**

The Court surveys the undisputed facts relevant to the Court's analysis of Defendant's Motion. The facts are properly before the Court in Defendant's Statement of Material Facts and are deemed admitted by Plaintiff. *See* Part II.A.

1.   Plaintiff's Employment

Defendant is a hospitality service management provider. DE 58 ¶ 1. Defendant hired Plaintiff in January of 2023 to serve as a Patient Services Supervisor at Good Samaritan Hospital. *Id.* ¶ 2. Plaintiff worked for Defendant for three months, until April 2023. *Id.* ¶ 3.

During Plaintiff's employment, she worked under the supervision of Terrell Walker, Director of Operations for Dining Services. *Id.* ¶ 2. Walker received multiple reports and complaints about Plaintiff's conduct and performance. *Id.* ¶¶ 4–5. Among other concerns, Plaintiff intentionally arrived to work late or called out, made repeated errors on patient food trays, used profanity toward employees, provided little to no leadership in the kitchen during her shift, and spoke negatively about her department with others outside of it. *Id.* ¶¶ 4–6. Plaintiff was verbally warned multiple times about these issues, but the problems persisted. *Id.* ¶ 7.

After less than three weeks of employment and based solely on the conduct issues, Walker determined that Plaintiff was not a good fit for the supervisory position. *Id.* ¶ 8–10. On February

3, 2023, Walker told Plaintiff that he planned to demote her to a cashier position. *Id.* On February

6, 2023, Plaintiff was demoted to the cashier position. *Id.* ¶ 11. The demotion came with a

corresponding $2.00 per hour reduction in pay, *id.*, but Plaintiff continued to receive her lunch

breaks, *id.* ¶¶ 19–21.

2. Defendant's Anti-Harassment Policy

Defendant had an Anti-Harassment Policy in effect to prevent and promptly correct any

harassing behavior. DE 58 ¶ 16. The policy, which Plaintiff signed, directed her to immediately

report any perceived harassment to Human Resources and stated that the matter would be

investigated and appropriate disciplinary action would be taken against any employee who violated

the policy. *Id.* The policy stated that a reporting employee would not be subject to any retaliation

for making the report. *Id.*

Plaintiff did not report Walker's alleged harassment to Defendant's management or Human

Resources until after she was terminated. DE 58 ¶ 15; DE 58-5 at 79:10–18.

Based on these undisputed facts, the Court turns next to Defendant's Motion for Summary

Judgment on Plaintiff's Title VII and FCRA claims.

**C.    Title VII and FCRA Claims**

To set forth a *prima facie* claim for hostile work environment through sexual harassment

under Title VII of the Civil Rights Act or the Florida Civil Rights Act, a plaintiff must show that

(1) she is a member of a protected class, (2) she was subject to unwelcome harassment, (3) the

harassment was based on a protected characteristic of the employee, (4) the harassment was

sufficiently severe or pervasive to alter the terms and conditions of employment and create a

discriminatorily abusive working environment, and (5) there is a basis to hold the employer liable.

*Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002); *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) ("Florida courts have held that decisions construing Title VII are applicable when considering claims under the [FCRA].").

Defendants argue that except for the first requirement, Plaintiff has failed to establish any element of her sexual harassment claims. DE 57 at 3. A defendant may prevail at summary judgment by pointing to an absence of evidence in support of a plaintiff's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once a defendant does so, the burden falls upon the plaintiff to point to sufficient evidence in support of his or her claims. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

The Court here focuses on the fifth element and the question of whether Plaintiff has pointed to sufficient evidence to establish a basis to hold Defendant liable. An employee can establish an employer's liability for sexual harassment by a supervisor with authority over the employee by proving that (1) the harassment culminated in a tangible employment action against her, or (2) she suffered severe or pervasive conduct that negatively altered the terms and conditions of her work. *Baldwin*, 480 F.3d at 1300.

1. Tangible Employment Action

When a supervisor engages in harassment that results in an adverse "tangible employment action" against the employee, the employer is automatically held vicariously liable for the harassment. *Frederick v. Sprint/United Management Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change of benefits." *Ellerth*, 524 U.S. at 761. The tangible

employment action must result because of the sex discrimination—that is, the sexually hostile work environment. *See Walton*, 347 F.3d at 1279–82.

Plaintiff alleges that Walker demoted Plaintiff, reduced her pay, and took away her breaks when Plaintiff rebuffed Walker's advances. DE 30 ¶¶ 9, 10, 14.  Defendant argues that the record evidence shows that Plaintiff did not suffer any adverse employment action due to sexual harassment. DE 57 at 11.  Defendant provides evidence that Plaintiff was demoted to cashier, which came with a pay reduction, based solely on conduct issues and performance deficiencies. DE 58 ¶¶ 4–10.  Defendant provides evidence that Plaintiff continued to receive her breaks after the demotion. *Id.* ¶¶ 19–22.

In response, Plaintiff has not cogently refuted Defendant's arguments. *See Carter v. BPCL Mgmt.*, No. 19-cv-60887, 2021 WL 7502562, at *1 (S.D. Fla. Sept. 22, 2021) (holding that failure to refute opposing arguments "operates as a waiver of those arguments and is akin to a failure to respond").  Plaintiff has not disputed Defendant's factual assertion that any adverse employment action against Plaintiff was based solely on her professional performance, and not because she rebuffed Walker. *See* Part II.A; DE 58 ¶¶ 4–10.

Further, Plaintiff has not cited to record evidence to refute Defendant's evidence.  Plaintiff does provide—but does not properly cite to—an affidavit in which she attests that "Mr. Walker's list of my alleged work deficiencies are false" and "the alleged work deficiencies are a pretext for firing [Plaintiff]." DE 66-2 ¶¶ 15–16.  Regarding the work deficiencies, however, Plaintiff's affidavit contracts Plaintiff's deposition testimony, and Plaintiff cannot defeat a motion for summary judgment by submitting an affidavit that contradicts clear deposition testimony to the contrary. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) ("Under

7

the law of this Circuit, we may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony."); *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

In her deposition, Plaintiff concedes that she engaged in some of the conduct that Defendant cited to as work deficiencies that resulted in Plaintiff's demotion, such as making repeated mistakes on patient food trays and using profanity. *See* DE 58 ¶ 6.  And when a plaintiff admits that she engaged in at least some of the conduct that led to the adverse employment action, the plaintiff cannot show that the reasons for the adverse action were pretextual. *See Yoosun Han v. Emory Univ.*, 658 F. App'x 543, 548 (11th Cir. 2016) (stating that an employee "cannot show that the reasons are pretextual when she admits their truth" (citation and alterations omitted)); *Garcia v. DS Waters of Am., Inc.*, 372 F. App'x 925, 927 (11th Cir. 2010) (holding that because the plaintiff admitted in his deposition that at least two of the legitimate nondiscriminatory reasons for firing him were accurate, he failed to rebut the defendant's nondiscriminatory reasons for firing the plaintiff).

Plaintiff therefore has not her burden to provide sufficient evidence of a tangible employment action that resulted from the sexual harassment.

2.  Severe or Pervasive Conduct

If there is no tangible employment action, a plaintiff may hold an employer liable by establishing that she suffered severe or pervasive conduct that negatively altered the terms and

8

conditions of her work. *Baldwin*, 480 F.3d at 1300.  In this context, an employer may raise a *Faragher-Ellerth* affirmative defense to liability if the employer can prove by a preponderance that (a) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Faragher*, 524 U.S. at 807; *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 765 (1998).

Defendant argues that even if Plaintiff had suffered severe and pervasive conduct that negatively altered the terms and conditions of her work, the *Faragher-Ellerth* affirmative defense bars Defendant's liability. DE 57 at 18.  Defendant argues that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior. *Id.*  In support, Defendant cites to evidence of its Anti-Harassment Policy, which stated that if an employee believes that she was harassed, she should report the situation immediately to Human Resources. DE 58 ¶ 16.  The matter would then be investigated, and appropriate disciplinary action up to termination would be taken against any employee who violated the policy. *Id.*

Defendant further argues that Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities to address the sexually harassing behavior. DE 57 at 18–19.  In support, Defendant cites to evidence that Plaintiff had signed off on the Anti-Harassment Policy, but Plaintiff never reported any alleged sexual harassment during her employment with Defendant. *See* DE 58 ¶¶ 15–16; *see also Baldwin*, 480 F.3d at 1306 (discussing an employee's duty to "promptly report[ harassment] to the employer, or lose the opportunity to successfully prosecute a Title VII claim based on the harassment").

Plaintiff's Response does not address Defendant's argument that the *Faragher-Ellerth* affirmative defense applies.  And Plaintiff again does not properly cite to any record evidence to properly dispute Defendant's factual assertions and supporting evidence.[2]  Plaintiff therefore has not met her burden of pointing to sufficient evidence to establish a basis to hold Defendant liable for Walker's alleged sexual harassment.

### III.    CONCLUSION

Because Plaintiff has not pointed to sufficient evidence to support each element of her Title VII and FCRA claims or rebut Defendant's assertion of the *Faragher-Ellerth* affirmative defense, Plaintiff has not met her summary judgment burden.   It is therefore **ORDERED AND ADJUDGED**:

1.    Defendant's Motion for Summary Judgment [DE 57] is **GRANTED**.

2.    No later than May 7, 2025, Defendant shall e-mail a proposed final judgment to rosenberg@flsd.uscourts.gov.

3.    All pending motions are **DENIED AS MOOT**, and all hearings and deadlines are **TERMINATED**.

4.    The Clerk of Court is ordered to **CLOSE** this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of May, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[2] Also in her affidavit, Plaintiff attests that she reported Walker's alleged harassment to her managers during her employment. DE 66-2 ¶¶ 4–10.  But Plaintiff's affidavit, again, contradicts Plaintiff's clear deposition testimony that she did not report Walker's alleged harassment to any managers or Human Resources during her employment. DE 58 ¶¶ 15–16.